**LITTLER MENDELSON, P.C.**
Amber M. Spataro, Esq. (N.J. Bar No. 036892008)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: ASpataro@littler.com
E: DOstern@littler.com
*Attorneys for Defendant Delta Air Lines, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC.,<br><br>            Defendant. | Civil Action No. 2:23-cv-1737<br><br>**NOTICE OF REMOVAL**<br><br>**(VIA ECF)** |

**TO:    THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Delta Air Lines, Inc. (improperly pled as "Delta Airlines, Inc.") ("Defendant"), by and through its counsel, Littler Mendelson, P.C., files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Hudson County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

### STATE COURT ACTION

1.    Plaintiff Carlos Herrera ("Plaintiff") commenced this action on February 2, 2023, by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, captioned, *Carlos Herrera, on behalf of himself and all others similarly situated v. Delta Airlines,*

*Inc.*, bearing Docket No. HUD-L-000428-23 (the "State Court Action")*.*  The State Court Action is now pending in that court.  Attached as **Exhibit A** is a copy of Plaintiff's Complaint and the accompanying *R.* 4:5-1 Certification.

2.      On February 28, 2023, Defendant accepted service of the Summons and Complaint. Attached as **Exhibit B** is a copy of the executed Waiver / Acknowledgement of Service of the Summons and Complaint by Defendant's counsel, Amber M. Spataro, Esq.

3.      The above documents constitute all "process, pleadings and orders" served upon or sent to Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4.      This Notice of Removal is timely filed within 30 days of February 28, 2023, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL

5.      Defendant removes this action based on federal question jurisdiction under 28 U.S.C. §1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA").

## FEDERAL QUESTION JURISDICTION

6.      The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may therefore be properly removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446 in that it arises under federal law and presents a federal question, namely whether Defendant violated the ADA, 42 U.S.C. § 12181 *et seq.  See* Ex. A, at ¶¶ 38-48.

7.      Thus, because Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a).

## VENUE

8.      Venue is proper in the United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending. *See* 28 U.S.C. §§110, 1441(a) and 1446(a).

## NOTICE TO PLAINTIFF

9.      Upon filing of the Notice of Removal, Defendant also gave written notice thereof to counsel for  plaintiff Carlos Herrera ("Plaintiff"), Daniel Zemel, Esq., Zemel Law LLC, 660 Broadway, Paterson, New Jersey 07514, pursuant to 28 U.S.C. § 1446(a). Attached as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

10.     By filing the Notice of Removal, Defendant does not waive any objections as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

11.     If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

12.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under FED. R. CIV. P. 11.

## RELIEF REQUESTED

13.     Defendant respectfully requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey.

Dated: March 28, 2023                Respectfully Submitted,

**LITTLER MENDELSON, P.C.**

*/s/ David S. Ostern*
Amber M. Spataro, Esq.
David S. Ostern, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: ASpataro@littler.com
E: DOstern@littler.com

# EXHIBIT A

**Zemel Law LLC**
Daniel Zemel, Esq.
Attorney ID # 1114022014
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| CARLOS HERRERA, on behalf of himself and all others similarly situated, | ) SUPERIOR COURT OF NEW JERSEY<br>) HUDSON COUNTY<br>) |
| Plaintiff, | ) |
| vs. | ) Case No:<br>) |
| DELTA AIRLINES, INC., | ) CIVIL COMPLAINT<br>) |
| Defendant. | ) |

     Plaintiff, Carlos Herrera (hereinafter, "Plaintiff"), a New Jersey resident, brings this class complaint by and through the undersigned attorneys against Defendant Delta Airlines, Inc. (hereinafter "Defendant"), for its violations of the Americans with Disabilities Act ("ADA"), individually and on behalf of a class of all others similarly situated.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the ADA as a way of banning discrimination based on disability. The ADA guarantees that people with disabilities, such as the Plaintiff, have the same opportunities as everyone else to participate in the mainstream of American life.

2.    Case law is clear that those opportunities include access to web content, by requiring business websites to include screen readers and other assistive

technologies to ensure consumers with disabilities have the same access as everyone else.

3.     The ADA contemplates injunctive relief when the ADA is violated:

In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

42 U.S.C. § 12188(a)(2).

## **NATURE OF THE ACTION**

4.     Plaintiff brings this civil rights action, individually and on behalf of those similarly situated, seeking redress for Defendant's actions which violate the ADA.

5.     Plaintiff, like approximately 2.0 million other people in the United States, is visually impaired and legally blind.

6.     Upon visiting Defendant's website, delta.com (hereinafter referred to as"Delta"), Plaintiff quickly became aware of Defendant's failure to maintain and operate its website in a way to make it fully accessible for himself and for other blind or visually-impaired people.

7.     The Internet has become a significant source of information, if not the most significant source, for conducting all types of necessary activities, such as banking and shopping.

8.     This is equally true for people with disabilities and those without disabilities.

9.     Fortunately, technology known as screen-reading software provides the blind and visually-impaired the ability to fully access websites and websites, and the information, products,goods and contained thereon.

10.    However, for screen-reading software to function, the information on a website

must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

11.   The international website standards organization known throughout the world as W3C, has published guidelines that should be followed to ensure website accessibility. The most recent version, version 2.1, is referred to as the Web Content Accessibility Guidelines ("WCAG 2.1").

12.   Defendant's denial of full and equal access to its website, and therefore denial of its goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

13.   Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

14.   Plaintiff is a New Jersey resident, and the cause of action arose in New Jersey. As such, this Court has jurisdiction and venue over this action pursuant to R. 4:3-2.

## PARTIES

15.   Plaintiff Carlos Herrera, at all relevant times, is and was a resident of North Bergen, New Jersey.

16.   Plaintiff is a blind, visually-impaired handicapped person and a member of member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq*.

17.   Defendant is and was at all relevant times a company doing business and marketing to New Jersey customers.

18.   Defendant's Website, and its goods and services offered thereupon, is a public

accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

## **ALLEGATIONS OF FACTS**

19.     On or around January 2023, Plaintiff visited Defendant's website www.Delta.com, using a popular screen reading software called Voice Over, with the intent of browsing and potentially engaging.

20.     Despite his efforts, however, Plaintiff, a visually impaired or blind person, was denied access similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation.

21.     Upon accessing the mobile application Plaintiff encountered issues while attempting to search for, and book, a flight. The issues specifically arose when Plaintiff was presented with flight options to his destination but did not read Plaintiff any of the details of the flight.

22.     As a result of visiting the website, Plaintiff is aware that Delta.com includes multiple barriers making it impossible for himself, and any other visually impaired or blind person, from enjoying access to the app's content equally to that of a sighted user.

23.     For example, many features on the website fail to accurately describe the contents of graphical images, fail to properly label title, fails to distinguish one page from another, contain multiple broken links, contain headings that do not describe the topic or purpose, and contain text that is not read.

24.     These access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do.

25.     Upon information and belief, Defendant has not, and has never, had adequate policies and procedures in place to ensure the website is and will remain accessible to the blind and/or visually impaired.

26.     Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually-impaired persons, who need screen-readers to access websites, have been and are still being denied equal access to Defendant's website, and the numerous goods and services and benefits offered to the public through the Website.

27.     The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and have caused the Plaintiff real harm.

28.     If the website was equally accessible to all, and if simple compliance with the WCAG 2.1 guidelines were met, Plaintiff could independently navigate the website and complete a desired transaction as sighted individuals do.

29.     Because of this, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including maintaining a website that is inaccessible to members of a protected class.

30.     Due to Defendant's violations of the ADA, and the harm it has caused, Plaintiff seeks damages, fees, costs, and injunctive relief.

31.     Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Website, violating their rights.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class defined as follows:

> All legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services during the relevant statutory period.

33.     Common questions of law and fact exist amongst Class, including:

        a.      Whether Defendant's Website are a "public accommodation"

under the ADA;

b.   Whether Defendant's Website denies the full and equal enjoyment of its products,           services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

c.   Whether Defendant's Website denies the full and equal enjoyment of its products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities.

34.   Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by failing to update or remove access barriers on its Website so either can be independently accessible to the Class.

35.   Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

36.   Alternatively, class certification is appropriate because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

37.   Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial

system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.***

38.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

39.   Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

40.   Defendant's Website is a public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

41.   Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

42.   Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii)

43.   Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

44.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

45.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

46.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

47.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its Website

contains access barriers denying blind customers the full and equal access to the products, services and facilities of its Website, which Defendant owns, operations and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*, prohibiting discrimination against the blind.

48.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*

d.    An order certifying the Class, appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e.    Pre- and post-judgment interest;

f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Such other and further relief as this Court deems just and proper.

Dated:      January 31st, 2023

/s/ Daniel Zemel
Daniel Zemel, Esq.
dz@zemellawllc.com
660 Broadway
Paterson, New Jersey 07514
Tel: (862) 227-3106
ATTORNEYS FOR PLAINTIFF

<u>JURY DEMAND</u>

Plaintiff does hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

/s/ Daniel Zemel_____

Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

<u>DESIGNATION OF TRIAL COUNSEL</u>

Plaintiff hereby designates Daniel Zemel as Trial Counsel pursuant to <u>R.</u> 4:25-4.

/s/ Daniel Zemel_____

Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

<u>CERTIFICATION PURSUANT TO R.4:5-1</u>

The undersigned certifies that the matter in controversy is not the subject matter of any other

action, and not the subject matter of any pending or anticipated arbitration proceeding, and that to the best of my knowledge all known parties have been joined as party litigants.

Additionally, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this certification.

/s/ Daniel Zemel_____

Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

CERTIFICATION PURSUANT TO R.1:38-7

I Certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R.1:38-7(a).

/s/ Daniel Zemel_____

Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:1-2 (b), demand is made that Defendant, disclose to Plaintiff's attorney, whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all judgment which may be entered in this action or indemnify or reimburse for payment made to satisfy the judgment and provide Plaintiff's attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover only primary coverage, but also any and all excess, catastrophe and umbrella policies.

/s/ Daniel Zemel_____

-11-

Daniel Zemel, Esq.

ATTORNEY FOR PLAINTIFF

# EXHIBIT B

**LITTLER MENDELSON**
Amber M. Spataro (NJ Bar No. 036892008)
Francis J. Bingham (*pro hac vice*)
One Newark Center, 8th Floor
Newark, New Jersey  07102
Tel:  973.848.4745
aspataro@littler.com
fbingham@littler.com

| | |
|---|---|
| CARLOS HERRERA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO. HUD-L-000428-23<br><br>**ACKNOWLEDGEMENT OF SERVICE OF SUMMONS AND COMPLAINT** |

Defendant Delta Airlines, Inc. ("Delta"), through counsel, hereby acknowledges service of the Summons and Complaint upon Delta in the above matter on February 28, 2023.  Delta waives any objections to service of the Summons and Complaint and otherwise keeps all defenses and objections to the lawsuit, the court's jurisdiction, and the venue of the action.

**LITTLER MENDELSON, P.C.**

By: _____
        Amber M. Spataro

Dated:  February 28, 2023

# EXHIBIT C

**LITTLER MENDELSON, P.C.**
Amber M. Spataro, Esq. (N.J. Bar No. 036892008)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: ASpataro@littler.com
E: DOstern@littler.com
*Attorneys for Defendant Delta Air Lines, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | Civil Action No. 2:23-cv-1737<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>**(VIA ECF)** |

**TO:    Daniel Zemel, Esq.**
**Zemel Law LLC**
**660 Broadway**
**Paterson, New Jersey 07514**
**E: dz@zemellawllc.com**
*Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that Delta Air Lines, Inc. (improperly pled as "Delta Airlines, Inc.") in the action filed in the New Jersey Superior Court, Law Division, Hudson County, Docket No. HUD-L-000428-23, has filed a Notice of Removal to the United States District Court for the District of New Jersey on this 27th day of March, 2023 pursuant to 28 U.S.C. §§1441 and 1446.

A copy of such Notice of Removal is attached hereto.

Dated: March 28, 2023                              **LITTLER MENDELSON, P.C.**
                                                    *Attorneys for Defendant*
                                                    By: __/s/ David S. Ostern__
                                                         David S. Ostern, Esq.

4894-7390-1144.5 / 105518-1012